IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

VICTOR PIRES, individually and on behalf of all others similarly situated

        Plaintiff,

v.

NULIFE MED, LLC

        Defendant.
_____/

## DEFENDANT NULIFE MED, LLC'S NOTICE OF REMOVAL

Defendant, NuLife Med, LLC ("**NML**"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, and states:

1. On May 19, 2022, Plaintiff, Victor Pires ("**Plaintiff**") filed his putative class action complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. A copy of the Complaint is attached hereto as Exhibit 1.

2. Plaintiff alleges he is a citizen and resident of Broward County, Florida. Compl. at ¶ 14.

3. Plaintiff alleges NML is a foreign corporation with its principal place of business in Manchester, New Hampshire. *Id.* at ¶ 15.

4. Plaintiff purports to seek to represent a proposed class of approximately 81,000 persons. *Id.* at ¶ 46.

5.      This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. §§ 1332(d), 1441, and 1452, as (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is diversity because NML and the named Plaintiff are citizens of different states; and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

6.      **The Proposed Class Readily Exceeds 100 Members.**  For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. *See* U.S.C. § 1332(d)(5). Here, Plaintiff claims the proposed class consists of approximately 81,000 persons, well in excess of the 100 person threshold.

7.      **There is Diversity Among the Parties.**  For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), or that "any member of a class of plaintiffs is citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."  28 U.S.C. § 1332(d)(2)(C).  In the instant case, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction and NML is a citizen of New Hampshire for purposes of diversity jurisdiction.

8.      **The Amount in Controversy Exceeds $5 Million.**  CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(6).  Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 89 (2014).  The pertinent question is "what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover," and the amount in controversy is inclusive of injunctive relief.  *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 924 (11th Cir. 2019).  The value of injunctive relief is measured by the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).  Here, while Plaintiff does not expressly plead his alleged damages in the Complaint, he does allege that the "aggregate damages sustained by the Class are in the millions of dollars." Compl. at ¶ 52.  Plaintiff also requests 16 different forms of injunctive relief.  Accordingly, on the face of the Complaint, it is plausible that the amount in controversy exceeds $5 million.

9. Written notice of the filing of this Notice of Removal has been served upon Plaintiff, the adverse party, on the date set forth in the Certificate of Service below.

10. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

11. This Notice has been signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, NuLife Med, LLC, respectfully requests this case be removed in its entirety to the United States District Court for the Southern District of Florida and that this Court assume full jurisdiction over this civil action.

**Dated June 7, 2022**

Respectfully submitted,

By: /s/ Matthew A. Green
Barry A. Postman, Esq.
Florida Bar No. 991856
barry.postman@csklegal.com
Scott A. Bassman, Esq.
Florida Bar No. 232180
scott.bassman@csklegal.com
Matthew A. Green, Esq.
Florida Bar No. 1019717
matthew.green@csklegal.com
**COLE, SCOTT & KISSANE, P.A.**
110 Tower, 110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3700
Facsimile (954) 703-3701

*Counsel for Defendant NuLife Med, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of June 2022, the undersigned electronically served the foregoing document upon counsel of record.

/s/ Matthew A. Green
Matthew A. Green, Esq.
Florida Bar No. 1019717